IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01140–RPM–KMT

KELLY NUANES,

    Plaintiff,

v.

NATIONS RECOVERY CENTER, INC., a Georgia corporation,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter comes before the court on Plaintiff's "Motion for Attorneys Fees" (Doc. No. 12, filed July 5, 2012 [Mot.]) and "Supplemental Motion for Attorneys Fees" (Doc. No. 17, filed Sept. 13, 2012 [Suppl. Mot.]). For the following reasons, the court recommends that Plaintiff's Motion be granted in part and denied in part and that Plaintiff's Supplemental Motion be denied.

### PROCEDURAL HISTORY

    On May 1, 2012, Plaintiff filed her Complaint (Doc. No. 1) against Defendant Nations Recovery Center, Inc., alleging a violation of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.,* and seeking damages and reasonable attorney's fees and costs pursuant to § 1692k(a). On June 6, 2012, Defendant served Plaintiff with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, which Plaintiff accepted on June 20, 2012. (*See* Doc. No.

8.) On June 21, 2012, the Clerk of Court entered judgment in favor of Plaintiff and against Defendant in the amount of 1,001.00, plus plaintiff's costs and reasonable attorney's fees. (Doc. No. 9.)

In Plaintiff's Motion, Plaintiff requests $5,010.00 in attorney's fees based on 16.7 hours of work provided by her attorney, David M. Larson, at an hourly rate of $300.00. Defendant filed its response opposing Plaintiff's Motion on July 26, 2012, and challenges Mr. Larson's hourly rate, the number of hours claimed by Mr. Larson given the brief pendency of the case, and the inclusion of hours worked for tasks Defendant asserts are clerical or administrative in nature.[1] (Doc. No. 14 [Resp.].) Plaintiff filed a reply in support of her Motion on August 9, 2012. (Doc. No. 15.)

Plaintiff's Supplemental Motion seeks to recover attorney's fees for 3.9 hours expended in litigating the initial attorney's fees contest. Defendant filed a response opposing Plaintiff's Supplemental Motion on October 3, 2012 (Doc. No. 20) and Plaintiff filed a reply on October 17, 2012 (Doc. No. 21). Accordingly, these motions are ripe for the court's review and recommendation.

## ANALYSIS

Section 1692k(a) of the FDCPA provides that a successful plaintiff may seek from the defendant a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In

---

[1] Defendant also filed two notices of supplemental authority on August 21 and September 20, 2012, respectively. (*See* Doc. Nos. 16, 19.)

2

*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

Id. (internal citations omitted.) The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir.2002). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks and award. *Jane L. v. Bangerter,* 61 F.3d 1505, 1510 (10th Cir. 1995).

### *A.     Hourly Rate*

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.,* 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Elias v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1203 (10th Cir. 1998).

The court finds that Plaintiff's requested hourly rate of $300 is excessive and inconsistent with prevailing market rates for lawyers of comparable skill, experience, and reputation. Other courts in this district that have considered requests for attorneys fees in similar FDCPA cases

involving Mr. Larson have held unanimously that $250 is a reasonable hourly rate for Mr. Larson's services. *See, e.g., Ellis v. Midland Credit Mgmt., Inc.,* 11-cv-02860-RBJ, 2012 WL 4356251, at *3 (D. Colo. Sept. 24, 2012); *Howard v. Midland Credit Mgmt., Inc.,* No. 11-cv-03123-PAB-BNB, 2012 WL 4359361, at *1 (D. Colo. Sept. 24, 2012); *Livingston v. Midland Credit Mgmt., Inc.,* No. 11-cv-03123-PAB-BNB, No. 11-cv-2775-WYD-MJW, 2012 WL 4328367, at *1 (D. Colo. Sept. 20, 2012); *White v. Cavalry Portfolio Servs., LLC,* No. 11-cv-02217-LTB-KLM, 2012 WL 899280, at *2-3 (D. Colo. March 16, 2012). To the extent that Plaintiff relies Magistrate Judge Boyd N. Boland's Recommendation in *King v. Midland Credit Mgmt, Inc.*, No. 11-cv-02808-CMA-BNB, 2012 3590788 (D. Colo. Mar. 1, 2012) that $300 is a reasonable hourly rate for Mr. Larson's services, the court notes that District Judge Christine M. Arguello subsequently held that "$300/hour is an unreasonable hourly rate and not in keeping with the prevailing market rate in the local community for lawyers of comparable skill, experience, and reputation" and modified the Recommendation accordingly. *See King*, 2012 WL 3590787, at *2 (D. Colo. Aug. 20, 2012).

The Affidavit of Richard B. Wynkoop, Esq. attached to Plaintiff's Motion does not persuade the court otherwise. District Judge Philip A. Brimmer recently rejected the very same affidavit's position that a $300 hourly rate was reasonable in *Segura v. Midland Credit Mgmt, Inc.* by concluding as follows:

> Mr. Wynkoop's affidavit is unpersuasive. Mr. Wynkoop claims that an hourly rate of $300.00 per hour is reasonable because (1) Mr. Wynkoop and other unidentified Colorado consumer law attorneys charge their clients $300.00 per hour for their services and (2) Denver attorneys who have handled a similar volume of civil litigation charge their clients $300.00 per hour for their services.

> The fact that Mr. Wynkoop charges $300.00 per hour for his services does not establish that $300.00 per hour is the prevailing market rate for consumer law advocates in the State of Colorado. Mr. Wynkoop does not reveal the identity of other "attorneys of similar experience in this District" or "[a]ttorneys at large law firms in the Denver Metropolitan area with 10 years of litigation experience." The Court does not doubt that Mr. Wynkoop is correct in stating that "[v]ery few attorneys have successfully handled the number of civil cases that Mr. Larson has in this District," but is not convinced that volume alone is a fair index of an attorney's skill, as it does not account for other variables, such as the complexity, novelty, or duration of litigation.
>
> The lodestar standard does not envision consideration of Mr. Larson's experience in a vacuum, and the majority of the evidence establishes that the prevailing rate in Colorado remains $250.00 per hour.

(Order dated February 14, 2013, Case No. No. 12-cv-00830-PAB-KMT.) This court sees no reason to expound further on Judge Brimmer's thorough and well-reasoned analysis of Mr. Wynkoop's affidavit. Accordingly, the court concludes that $250.00 is a reasonable hourly rate in this district for attorneys with the same skill and experience as Mr. Larson.

### B. *Hours Expended*

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm,* 713 F.2d 546 (10th Cir. 1983) *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987) (*Ramos'* impermissibly allowed a risk of loss enhancement to lodestar). Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges

in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. Ultimately, the court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 553.

Defendant argues primarily that Plaintiff's proposed fee should be reduced because Plaintiff and Mr. Larson have filed several "virtually identical" cases in this district and thus at some point "economies of scale must be taken into account." (Resp. at 11.) Defendant maintains that because there "is very little variation in the complaints filed in these cases, and the allegations are often similar, the time spent on drafting the complaint and advising the client should naturally decrease the case filings increase." (*Id.*)

The court agrees with Defendant's argument in part. An attorney must conduct an investigation into the factual basis and legal authority underlying his or her client's claims no matter how frequently he may encounter the same type of case. *See* Fed. R. Civ. P. 11(b). However, here, Mr. Larson claims $1,200 for a 4.0-hour block of time on April 1, 2012 when he met "with client in person to discuss claim, listen[ed] to 2 audio recordings of two 2/15/12 telephone calls, review[ed] two of Plaintiff's credit reports . . ., review[ed] previous case against Defendant, review[ed] correspondence including letter from the Defendant to Plaintiff dated February 9, 2012. . . and determine violation(s)." By failing to separate each task into individual blocks, this block-billed entry prevents the court from ascertaining the amount of time each task

took and therefore constitutes "strong evidence that a claimed amount of fees is excessive." *Flying J Inc. v. Comdata Network, Inc.,* 322 F. App'x 610, 617 (10th Cir. 2009). Further, in light of Plaintiff's and Mr. Larson's experience filing similar FDCPA lawsuits in this court, two hours represents a reasonable amount of time to have completed these initial tasks. Accordingly, the court finds it proper to reduce this entry by 2 hours.

Mr. Larson's entry on April 30, 2012 suffers from a similar defect. In addition to being block-billed, the entry includes the non-compensable clerical task of transcribing portions of the February 15, 2012 phone calls. *See Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989). Further, the court agrees with Defendant that Mr. Larson's experience filing similar cases on behalf of this same Plaintiff should have streamlined these tasks. Accordingly, the court finds it proper to reduce this entry by 1.2 hours.

Mr. Larson's fee request also includes .7 hours worth of time entries devoted exclusively to non-compensable clerical or administrative tasks—namely, e-filing court documents, converting documents into PDFs, and sending proposed orders to the court via email. *Jenkins,* 491 U.S. 274. These entries should be omitted from the lodestar amount.

The fee request also include .5 hours worth of entries for a number of letters written by Mr. Larson immediately after Plaintiff and Mr. Larson spoke on the phone. The court finds these letters to be duplicative of the phone calls.[2] and therefore unnecessary. The court also find the .2 hours spent on a phone call with Mr. Wynkoop is duplicative because Mr. Larson files nearly

---

[2] Memorializing a conversation with a client in writing may be advisable for other reasons, however it is not reasonably necessary to prosecute this particular case.

identical Wynkoop affidavits in all of his cases where he claims fees and there is no explanation as to how these conversations differ from case to case.

Finally, Mr. Larson claims $300 for a one-hour block of time on June 6, 2012 when he "review[ed] Defendant's Answer filed with the Court compar[ed] [it] to the allegations in the Complaint, [and] draft[ed] proposed scheduling order including undisputed facts based on Defendant's admissions in its Answer." (Mot. at 4.) However, Plaintiff received Defendant's Rule 68 Offer of Judgment (*see* Doc. No. 8) that very same day and the proposed scheduling order was not due for another seven weeks (*see* Order Setting Sched. Conf., Doc. No. 5). Accordingly, the court finds that it was unnecessary in this case for Mr. Larson to have drafted the proposed scheduling order and finds it proper to reduce this entry by .5 hours.[3]

### C. *Lodestar Amount*

Based on the aforementioned conclusions, the court finds that the lodestar figure for plaintiff's attorney's fees is $2900.00 (11.6 hours multiplied by a $250.00 hourly rate). The court further finds that no special circumstances exist her to warrant an adjustment of the lodestar amount. *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.,* 616 F.3d 1098, 1102

---

[3] To the extent the parties seek a more line-by-line analysis of Mr. Larson's fee request, the court notes that it "need not, *and indeed should not* become [a] green eyeshade accountant" who audits every single billed-item. *Fox v. Vice,* 131 S. Ct. 2205, 2217 (2011). The court further "need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fee should not result in a second major litigation." *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996) (citations and internal quotation marks omitted). This is because "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 131 S.Ct. at 2210.

(10th Cir. 2010) (stating that the lodestar amount is "presumptively reasonable"). This fee award is reasonable given the issues presented in this case and it is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys. *Blum v. Stenson,* 465 U.S. 886, 893-94 (1984). Indeed, the court notes that this fee award is roughly consistent with other recent decisions from this district in cases involving Mr. Larson in prosecution of FDCPA cases. *See, e.g., King,* 2012 WL 3590787 (awarding $2500 based on ten hours spent); *Castro v. First Nat'l Collections Bureau, Inc.,* 11-cv-02298-REB-KMT, 2012 WL 4468318 (D. Colo. Sept. 27, 2012) (awarding $3000 based on twelve hours spent)*; Nuances v. NCC Bus. Servs., Inc.,* No. 12-cv-00228-WJM-MJW, 2012 WL 5464598 (D. Colo. Nov. 9, 2012) (awarding $2500 based on 10 hours spent); *Howard,* 2012 WL 4359361 (awarding $2525.00 in fees based on 10.1 hours spent).

### D.    *Attorney's Fees for Litigating the Attorney Fee Dispute*

As mentioned above, Plaintiff's Supplemental Motion seeks additional attorney's fees for 3.9 hours spent litigating the attorney's fees issue.[4] (*See* Supp. Mot.) The court finds it proper to deny this request as Plaintiff's Motion was largely unsuccessful. Although recovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled, *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986), Plaintiff does not establish why these fees should be included when a number of the arguments made in the request have been repeatedly rejected by other courts in this District. *See Cummins v. Campbell*, 44 F.3d

---

[4] Fees for drafting the original motion for fees were included in the first motion, so the supplemental claim involves only those fees generated as a result of the Defendant's opposition.

847, 855 (10th Cir. 1994) (finding that, while an attorney is generally allowed to recover fees for work in seeking attorney fees, a district court has discretion to deny award for those hours if the underlying claim for fees is unreasonable); *see also Glass v. Pfeffer*, 849 F.2d 1261, 1266 n. 3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary.") (citation and internal quotations omitted). Indeed, the court has concluded that Plaintiff is entitled to only slightly more than one-half of the amount requested. Most importantly, the court find it appropriate to reject this supplemental request because Mr. Larson chose to seek a $300 hourly rate, notwithstanding that unanimity of this district's decisions that a $250 rate is reasonable for his services. Had he instead sought a $250 rate, the issues before the court would have been narrowed, and it is conceivable that the parties could have stipulated to an award of attorney's fees without the need for court intervention. As such, the court finds that Plaintiff's Supplemental Motion is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's "Motion for Attorneys Fees" (Doc. No. 12) be **GRANTED** in part and **DENIED** in part. Specifically, the court recommends that Plaintiff be awarded $2900.00 in attorney's fees for 11.6 hours of attorney time reasonably expended. The court further

**RECOMMENDS** that Plaintiff's "Supplemental Motion for Attorneys [sic] Fees" (Doc. No. 17) be **DENIED**.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge